IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OTIS HILLIARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2388 |
| | § | |
| TYSON FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

<u>ORDER</u>

Pending is Plaintiff Otis Hilliard's Motion to Reconsider and Set Aside the Court's Order Striking Plaintiff's Experts (Document No. 38).  In its September 4, 2012 Order, the Court struck the testimony of Plaintiff's expert witnesses Ken Kirksey ("Kirksey") and Jeffery W. Hautenen ("Hautenen").[1]

An interlocutory order is subject to revision at the Court's discretion.  *See* FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties *and may be revised at any time before entry of a judgment adjudicating all the claims . . . .*") (emphasis added).  This discretion "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and

---

[1] Document No. 35.

delays." <u>Dyson, Inc. v. Oreck Corp.</u>, 647 F. Supp. 2d 631, 643 (E.D. La. 2009) (Vance, J.). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." <u>LeClerc v. Webb</u>, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *see also* <u>Lincoln Gen. Ins. Co. v. De La Luz Garcia</u>, 501 F.3d 436, 442 (5th Cir. 2007) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration.") (citations omitted).

As to Hautenen, Plaintiff's present motion argues (1) that the late delivery of the expert report by Hautenen was caused by Defendant's refusal to allow Plaintiff to inspect Defendant's premises[2]; (2) that Hautenen's delay in finishing the report after the inspection was due to "other outstanding work engagements . . . ."[3]; and (3) that striking Hautenen is the equivalent of a "dismissal sanction."[4]   Plaintiff could have made all three of these arguments in his initial Response and, in fact, did argue two of them.[5]   *See* <u>LeClerc</u>, 419 F.3d at 412 n.13 ("A motion for reconsideration may not be used to rehash rejected arguments or

---

[2] Document No. 38 at 1-3.

[3] Document No. 38, Ex. D at 3.

[4] Document No. 38 at 3-4.

[5] Plaintiff made the first and third arguments in his initial Response, and simply repeats them now.  Document No. 30 at 2, 5.

2

introduce new arguments."). Plaintiff has shown no new reason to reconsider the Order striking the testimony of Huatenen.

As to Kirksey, Plaintiff demonstrates that he served Kirksey's report on Defendant on December 20, 2011, which was well before the March 26, 2012 deadline.[6] Defendant contends that this disclosure was inadequate because Plaintiff neglected to file with the Court a Supplemental Designation of Expert Witnesses containing Kirksey's report.[7] Defendant has cited nothing specific either in the Federal Rules of Civil Procedure or in the Local Rules for the Southern District of Texas requiring expert reports to be filed with the Court. FED. R. CIV. P. 26(a)(2)(A, B)("[A] party must *disclose to the other parties* the identity" of expert witnesses . . . "this disclosure must be accompanied by a written report . . .")(emphasis added); S.D. TEX. CIV. R. 5.4 ("Depositions, interrogatories, answers to interrogatories, requests for admission, production, or inspection, responses to those requests, and *other discovery material* shall not be filed with the clerk.") (emphasis added).

Plaintiff designated Kirksey as an expert witness in a Supplemental Designation of Expert Witnesses filed on September 23, 2011,[8] and, as observed above, tendered his report to Plaintiff on

---

[6] *See* Document No. 38, Ex. F.

[7] *See* Document No. 29 at 7.

[8] Document No. 17.

December 20, 2011.  Defendant had ample time to depose Kirksey before the May 25, 2012 discovery deadline.  Defendant was responsible for scheduling the deposition of Kirksey, if it wanted one, and in fact states that it did so.  Thereafter, Defendant agreed with Plaintiff's counsel to continue the deposition and, according to Defendant, a new date was never agreed.  Defendant, however, never filed another notice, never served a subpoena on Kirksey, and never sought the aid of the Court to compel the witness to appear for a deposition.  It was Defendant's obligation to act to obtain the deposition.  1 Fed. R. Civ. P. Rules and Commentary Rule 30 ("[I]t is well-established that the deposing party may unilaterally select the place for the deposition, subject to other parties challenging the location via a motion for protective order."); Rushing v. Bd. of Sup'rs of the Univ. of Louisiana Sys. (Se. Louisiana Univ.), CIV.A.06-623-RET-SCR, 2008 WL 4330186 (M.D. La. Sept. 15, 2008) (refusing to grant Plaintiff's Motion to Compel depositions when Defendant failed to cooperate in setting dates and Plaintiff had not filed a notice to depose); id. at *2, n. 13 ("While the agreement of counsel on a date for a deposition is preferred, it is not required by Rule 30 . . . . After making a reasonable attempt to schedule a deposition on a convenient date, counsel desiring to depose a witness must simply schedule the deposition and serve a notice, and a subpoena when required.").  Accordingly, it is

4

ORDERED that Plaintiff Otis Hilliard's Motion to Reconsider and Set Aside the Court's Order Striking Plaintiff's Experts (Document No. 38) is GRANTED in part, and that portion of the Order dated September 4, 2012, striking Ken Kirksey as an expert in this case is VACATED; and Plaintiff's Motion for Reconsideration is otherwise DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 10TH day of October, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

5